IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAVIS JENKINS, | No. 2:16-CV-1137-CMK |
| Plaintiff, | |
| vs. | MEMORANDUM OPINION AND ORDER |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

Plaintiff, who is proceeding with retained counsel, brings this action under 42 U.S.C. § 405(g) for judicial review of a final decision of the Commissioner of Social Security. Pursuant to the written consent of all parties, this case is before the undersigned as the presiding judge for all purposes, including entry of final judgment. See 28 U.S.C. § 636(c). Pending before the court are plaintiff's motion for summary judgment (Doc. 19) and defendant's cross-motion for summary judgment (Doc. 25).

/ / /

/ / /

/ / /

# I. PROCEDURAL HISTORY

Plaintiff applied for social security benefits on June 28, 2012. In the application, plaintiff claims that disability began on May 11, 2012. Plaintiff's claim was initially denied. Following denial of reconsideration, plaintiff requested an administrative hearing, which was held on May 20, 2014, before Administrative Law Judge ("ALJ") Bradlee S. Welton. In an October 30, 2014, decision, the ALJ concluded that plaintiff is not disabled based on the following relevant findings:

1. The claimant has the following severe impairment(s): diabetes mellitus with peripheral neuropathy, and bipolar disorder;

2. The claimant does not have an impairment or combination of impairments that meets or medically equals an impairment listed in the regulations;

3. The claimant has the following residual functional capacity: the claimant can perform light work except he should have the option every 30 minutes to change position between standing and sitting for one to two minutes at the work station; he can occasionally climb ramps and stairs; he is limited to simple, routine and repetitive tasks with no public interaction and only occasional interaction with co-workers but no tandem tasks with the co-workers; and

4. Considering the claimant's age, education, work experience, residual functional capacity, and vocational expert testimony, there are jobs that exist in significant numbers in the national economy that the claimant can perform.

After the Appeals Council declined review on April 21, 2016, this appeal followed.

# II. STANDARD OF REVIEW

The court reviews the Commissioner's final decision to determine whether it is: (1) based on proper legal standards; and (2) supported by substantial evidence in the record as a whole. See Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999). "Substantial evidence" is more than a mere scintilla, but less than a preponderance. See Saelee v. Chater, 94 F.3d 520, 521 (9th Cir. 1996). It is ". . . such evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 402 (1971). The record as a whole,

including both the evidence that supports and detracts from the Commissioner's conclusion, must be considered and weighed. See Howard v. Heckler, 782 F.2d 1484, 1487 (9th Cir. 1986); Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985). The court may not affirm the Commissioner's decision simply by isolating a specific quantum of supporting evidence. See Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). If substantial evidence supports the administrative findings, or if there is conflicting evidence supporting a particular finding, the finding of the Commissioner is conclusive. See Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987). Therefore, where the evidence is susceptible to more than one rational interpretation, one of which supports the Commissioner's decision, the decision must be affirmed, see Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002), and may be set aside only if an improper legal standard was applied in weighing the evidence, see Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

### III. DISCUSSION

Plaintiff argues that the ALJ failed to provide clear and convincing reasons for rejecting the opinions of treating physicians, Drs. Marzano and Marasigan. The weight given to medical opinions depends in part on whether they are proffered by treating, examining, or non-examining professionals. See Lester v. Chater, 81 F.3d 821, 830-31 (9th Cir. 1995). Ordinarily, more weight is given to the opinion of a treating professional, who has a greater opportunity to know and observe the patient as an individual, than the opinion of a non-treating professional. See id.; Smolen v. Chater, 80 F.3d 1273, 1285 (9th Cir. 1996); Winans v. Bowen, 853 F.2d 643, 647 (9th Cir. 1987). The least weight is given to the opinion of a non-examining professional. See Pitzer v. Sullivan, 908 F.2d 502, 506 & n.4 (9th Cir. 1990).

/ / /

/ / /

/ / /

In addition to considering its source, to evaluate whether the Commissioner properly rejected a medical opinion the court considers whether: (1) contradictory opinions are in the record; and (2) clinical findings support the opinions. The Commissioner may reject an uncontradicted opinion of a treating or examining medical professional only for "clear and convincing" reasons supported by substantial evidence in the record. See Lester, 81 F.3d at 831. While a treating professional's opinion generally is accorded superior weight, if it is contradicted by an examining professional's opinion which is supported by different independent clinical findings, the Commissioner may resolve the conflict. See Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995). A contradicted opinion of a treating or examining professional may be rejected only for "specific and legitimate" reasons supported by substantial evidence. See Lester, 81 F.3d at 830. This test is met if the Commissioner sets out a detailed and thorough summary of the facts and conflicting clinical evidence, states her interpretation of the evidence, and makes a finding. See Magallanes v. Bowen, 881 F.2d 747, 751-55 (9th Cir. 1989). Absent specific and legitimate reasons, the Commissioner must defer to the opinion of a treating or examining professional. See Lester, 81 F.3d at 830-31. The opinion of a non-examining professional, without other evidence, is insufficient to reject the opinion of a treating or examining professional. See id. at 831. In any event, the Commissioner need not give weight to any conclusory opinion supported by minimal clinical findings. See Meanel v. Apfel, 172 F.3d 1111, 1113 (9th Cir. 1999) (rejecting treating physician's conclusory, minimally supported opinion); see also Magallanes, 881 F.2d at 751.

**A.    Dr. Marzano**

As to Dr. Marzano, the ALJ stated:

> The undersigned gives no weight to Dr. Marzano's May 2, 2014, opinion that the claimant has marked and extreme limitations (Exhibit 11F). Such severe assessments are inconsistent with the objective findings documented in the treating records from his facility (*see* Exhibit 10F). As noted above, the treating records show normal mental status examinations by the doctor (Exhibit 10F, pp. 29, 75), by another doctor (Exhibit 10F, p. 92), and by therapists (Exhibit 10F, pp. 61, 73). In addition, the claimant's

| | |
|---|---|
| 1 | symptoms are well controlled with medications (Exhibit 10F, p. 5). It is also notable that Dr. Marzano stated on July 6, 2012, that the claimant was "[s]omewhat entitled in his presentation" (Exhibit 1F, p. 6). |
| 2 | |

Plaintiff argues that the ALJ's conclusion is belied by the record which shows: (1) a Global Assessment of Functioning ("GAF") score of 50; (2) irritability, apathy, and depressed mood; (3) hospitalization in May 2012; and (4) increases in dosages of medications. As to medications, plaintiff adds: "How the ALJ can find that plaintiff was stable on his medications is unclear when Dr. Marzano's records show that they were not working and were repeatedly increased. . . ."

The court finds no error in the ALJ's rejection of Dr. Marzano's opinions. First, plaintiff's own subjective complaints of symptoms are insufficient to support the doctor's assessment, particularly given that the ALJ rejected plaintiff's statements as not credible and plaintiff does not challenge that finding. Further, despite evidence that plaintiff was hospitalized in May 2012 and that dosages on medications were adjusted, the record reflects that plaintiff continued to work after this hospitalization and after the alleged onset date of May 11, 2012. Specifically, a May 30, 2012, progress note from Sacramento County Mental Health reflects that plaintiff reported "that he got a new job with the franchise tax board and that he is doing very well with the job." Given plaintiff's demonstrated ability to work even after hospitalization and with increased dosages of medications, the ALJ did not err in rejecting Dr. Marzano's opinions of marked and extreme limitations.

### B. Dr. Marasigan

Citing the record at pages 387-88 and 443, plaintiff states that "Dr. Marasigan specifically indicat[ed] that plaintiff could not work" and argues:

> The ALJ simply does not deal with the opinions of Dr. Marasigan with respect to his opinions repeatedly stated throughout 2012 that plaintiff is unable to work. The ALJ failed to reject the opinion of this treating physician by providing specific and legitimate reasons for doing so that are based on substantial evidence in the record. (citation omitted).

///

///

1 | The portions of the record cited by plaintiff are an August 7, 2012, "Physician's Supplemental Certificate" and a December 5, 2012, "Physician/Practitioner's Supplementary Certificate." In the August 7, 2012, document, Dr. Marasigan states that plaintiff is disabled due to depression and anxiety. Notably, Dr. Marasigan states that plaintiff would be able to return to work in November 2012. In the December 5, 2012, document, the doctor references a number of "ICD codes" indicating conditions which prevent plaintiff from working. Elsewhere on the form, Dr. Marasigan indicates that plaintiff suffers from bipolar disorder, depression, and insulin-dependent diabetes.

As defendant correctly notes, the ultimate determination of disability is reserved for the Commissioner. See McLeod v. Astrue, 640 F.3d 881, 885 (9th Cir. 2011). Given that Dr. Marasigan expressed no opinions other than his opinion on the ultimate legal issue of disability, the doctor did not express an opinion which the ALJ was required to consider.

## IV. CONCLUSION

Based on the foregoing, the court concludes that the Commissioner's final decision is based on substantial evidence and proper legal analysis. Accordingly, IT IS HEREBY ORDERED that:

    1. Plaintiff's motion for summary judgment (Doc. 19) is denied;
    2. Defendant's cross-motion for summary judgment (Doc. 25) is granted; and
    3. The Clerk of the Court is directed to enter judgment and close this file.

DATED: June 22, 2017

                                                    /s/ Craig M. Kellison
                                                    **CRAIG M. KELLISON**
                                                    UNITED STATES MAGISTRATE JUDGE